UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KRISTI LYNN BICCUM, an Individual; T.B., J.B.,
J.B., and B.B., minor children by and through
their Mother and Father, and Natural Guardians,
KRISTI LYNN BICCUM, and JAMES BICCUM;
and JAMES BICCUM, an Individual,

                Plaintiffs

          -v-                                          7:16-CV-645

CITY OF WATERTOWN, NEW YORK;
WATERTOWN, NEW YORK POLICE
DEPARTMENT; CHARLES DONOGHUE, in
his capacity as Chief of Police of the Watertown
Police Department and as an individual;
DETECTIVE SEAN P. BOYLE, in his capacity
as an employee of the Watertown Police
Department and as an Individual; JOHN DOE
#1, in his/her capacity as an employee of the
Watertown Police Department and as an
Individual; and MOLLY DEJOURDAN, an
Individual,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DOMBROW LAW FIRM<br>Attorneys for Plaintiffs<br>499 S. Warren Street, Suite 220<br>Syracuse, NY 13202 | RUSSELL W. DOMBROW, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>Attorneys for Defendants<br>One Lincoln Center<br>Syracuse, NY 13202 | JONATHAN B. FELLOWS, ESQ. |
| MOLLY DEJOURDAN<br>Defendant *pro se*<br>619 Thompson Street<br>Watertown, NY 13601 | |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

On June 6, 2016, plaintiff Kristi Lynn Biccum ("Biccum" or "plaintiff"), and her family (together "plaintiffs"), brought this complaint against defendants under 42 U.S.C. § 1983, alleging false arrest and malicious prosecution in violation of plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights.[1] On November 15, 2016, plaintiffs' counsel acknowledged on the record that Biccum had pled guilty in state court to petty larceny for stealing Marcia Dejourdan's identity. Thus, her false arrest and malicious prosecution claims were untenable as a matter of law. Plaintiffs' counsel announced an intention to stipulate dismissal of those claims that same day.

The stipulation never followed. On March 29, 2017, United States Magistrate Judge Andrew Baxter granted plaintiffs until April 20, 2017 to file an amended complaint. Plaintiffs requested and received an extra week to submit that amended complaint. But when April 27, 2017—the final extended deadline—arrived, still plaintiffs had produced no amendment. Plaintiffs' claims of false arrest and malicious prosecution thus remained before this Court throughout the entire discovery process. On January 10, 2018, defendants moved for summary judgment, and at long last plaintiffs submitted a proposed amended complaint. Plaintiffs hoped to resuscitate their federal claims by advancing a new theory of recovery: an unconstitutional invasion of privacy. The only problem was that plaintiffs' theory was precluded by clearly established law, or else asked this Court to interpret statutes as creating a private cause of action when there was no suggestion in the legislature to support that point.

---

[1] The facts of this case are discussed in greater detail in this Court's September 30, 2019 decision. *Biccum v. City of Watertown, N.Y.*, 2019 WL 4752927 (N.D.N.Y. Sept. 30, 2019). The relevant facts for the present motion are thus included without citation in reliance on the parties' familiarity with the case.

Given plaintiffs' protracted failures to advance a cognizable federal claim—and their varied efforts to delay the inevitable—this Court, upon careful consideration, deemed that plaintiffs should be required to pay defendants' attorneys' fees despite the high standards of 42 U.S.C. § 1988 ("§ 1988").

On October 2, 2019, defendants' counsel moved for attorneys' fees, and supplied an affidavit and two exhibits substantiating their request. Dkt. 55. They calculated that they had incurred $13,005.00 in attorney's fees after November of 2016. Dkt. 55, ¶ 14. They based this calculation on defendants' attorney Jonathan B. Fellows' ("Fellows") accumulation of 49.5 billable hours, senior attorney Suzanne O. Galbato's ("Galbato") accumulation of 1 billable hour, associate attorneys Kate I. Reid's and John F. Boyd's (together "the associates") combined accumulation of 5.5 billable hours, and paralegals James O. Calaprico's and Susan D. Bielec's (together "the paralegals") combined 4.5 billable hours. Dkt. 55-1, pp. 2-3. Defendants also requested a reimbursement of expenses incurred after November of 2016 in the amount of $547.45. *Id.* ¶ 15. The motion having been fully briefed, it will now be considered on the parties' submissions without oral argument.

In determining whether an assessment of attorney's fees is reasonable, "[b]oth [the Second Circuit] and the Supreme Court have held that . . . the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The resulting figure from that calculation "should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley*

v. *Eckerhart*, 461 U.S. 424, 433 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

Naturally, this calculation depends on the hourly rates employed in the district in which the reviewing court sits. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). In 2012, the Second Circuit upheld a finding of $210 per hour for an "experienced" attorney, $120 per hour for an attorney with fewer than four years of experience, and $80 per hour for a paralegal. *Lore v. City of Syracuse*, 670 F.3d 127, 175-76 (2d Cir. 2012).

However, as courts in this District have noted, the fee application in *Lore* was filed in 2009, and is as a result somewhat outdated. *See, e.g.*, *Deferio v. City of Syracuse*, 2018 WL 3069200, at *4 (N.D.N.Y. June 21, 2018). Thus, courts in this district have recently determined hourly rates between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals. *Id.* at *3 (collecting cases).

Once the typical hourly rate is established, the court should "bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill level required by the case; (4) the preclusion of employment with other clients due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the extent of involvement in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989)).

4

Ultimately, a fee is presumptively reasonable if it is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons*, 575 F.3d at 174 (internal citations and quotation marks omitted).

As an initial matter, the expenses for which defendants seek reimbursement are reasonable. The itemized list that they provide includes litigative necessaries including mailings, copy charges, computerized research and deposition transcripts: all materials of a necessary sort. Dkt. 55-2, pp. 2-3. The total expenses amount to $563.24, but defendants have not asked for that amount. *Id.* Instead, they request only the charges accrued after November 30, 2016, totaling $547.45. *Id.*; Dkt. 55, ¶ 15. Especially given their willingness to forego some measure of their expenses to reflect the viability of plaintiff's claims prior to Biccum's guilty plea, defendants' request for expenses is reasonable and granted in full.

Additionally, defendants have requested an hourly fee of $225 for each attorney, including Fellows, Galbato, and the associates. Dkt. 55, ¶¶ 6-8. Fellows affirms that this price reflects a significant reduction in his usual fee of $430 per hour, which he granted because the City of Watertown is a municipality. *Id.* ¶¶ 5-6.

For Fellows and Galbato, as experienced attorneys in this district, defendants' requested fee of $225 is more than reasonable. Dkt. 55, ¶¶ 3-7. In fact, that request falls below the low end of the range that courts in this District have determined to be a reasonable hourly fee. *Deferio*, 2018 WL 3069200, at *3. Although the issues in this case were decidedly straightforward, the large discount from Fellows' and Galbato's typical requested fee and the immense success they experienced in procuring attorneys' fees for their clients more than merits an award of $225 per hour.

In addition, defendants' limitation of fees and expenses requested to only those incurred after Biccum pled guilty to the state charges demonstrates a degree of good faith and professionalism that marks the quality of their representation in this case. This Court will therefore use defendants' requested rate of $225 per hour for their fees. Defendants' request of $90 per hour for their paralegals is appropriate for much the same reasons. *Deferio*, 2018 WL 3069200, at *3 (noting that courts in this district have awarded between $250 and $350 for experienced attorneys and between $80 and $90 for paralegals).

However, defendants' requested fees for the associates exceed every determined reasonable fee in this district for an associate attorney of fewer than four years' experience. *Deferio*, 2018 WL 3069200, at *3 (noting that courts in this district have awarded between $165 and $200 per hour as a reasonable fee for associate attorneys). Moreover, this case was a simple one, cutting against the imposition of a high fee. *Arbor Hill*, 522 F.3d at 186 n.3.

The size of Bond, Schoeneck & King—and by extension its ability to serve other clients while proceeding through this case—and the lack of any time limits imposed by this case, also dissuade from providing a large fee. *Id.* Further, the limited number of hours that the associates spent on the case demonstrates a lack of involvement. *Id.* Given these factors, this Court cannot exceed the hourly fee amounts found appropriate in this district for the associates. Nor is it willing to do so under the exceptional circumstances of ordering an award of fees to a vindicated defendant under § 1988. Defendants will therefore be awarded fees for the associates at a rate of $175 per billable hour. *Deferio*, 2018 WL 3069200, at *3.

Accordingly, though the quality of defendants' representation as a whole merits their requested fees of $13,005, under the requisite analysis of this Circuit, those fees must be

reduced to account for the disparity in experience between Fellows and Galbato on the one hand and the associate attorneys on the other.

In summary, this Court finds that for Fellows' and Galbato's combined 50.5 billable hours, a fee of $225 per hour is appropriate; for the associates' combined 5.5 billable hours a fee of $175 per hour is appropriate; and for the paralegals' 4.5 combined billable hours a fee of $90 per hour is appropriate. Thus, in addition to their requested $547.45 in incurred expenses, defendants are entitled to $12,730.00 dollars in attorneys' fees. Plaintiffs must therefore pay defendants a total of $13,277.45 for their expenses accumulated defending what has for years been a frivolous case.

Therefore, it is

ORDERED that

1. Plaintiffs Kristi Lynn and James Biccum reimburse defendant the City of Watertown's attorney's fees in the amount of $12,730.00; and

2. Plaintiffs reimburse defendant the City of Watertown's expenses in the amount of $547.45.

The Clerk of the Court is directed to enter a judgment for defendant the City of Watertown for a total sum of $13,277.45.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: October 28, 2019
Utica, New York.